UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA ORTIZ-ARREOLA, | ) | Case No.: 1:09-cv-00702-JLT |
| Plaintiff, | ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S |
| v. | ) ) | AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO EQUAL ACCESS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| Defendant. | ) ) | (Docs. 22, 24) |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security denying her application for benefits. On November 10, 2010, Plaintiff filed an amended motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for EAJA fees.

**I.  Procedural History**

On July 28, 2010, the Court issued a decision and order directing remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). On October 20, 2010, Plaintiff filed a motion for attorney's fees pursuant to the EAJA. (Doc. 22). On November 10, Plaintiff filed an amended motion seeking an award based upon 8.5 hours of attorney work completed in 2009 and 18.2 of work in 2010. (Doc. 24 at 3 and Attachment). In addition, Plaintiff requests that the Court award the fees directly to her attorney. *Id.* at 4. Defendant filed

a brief in opposition to the motion on November 19, 2010 (Doc. 25), to which Plaintiff replied on January 3, 2011 (Doc. 28).

## II. EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H). A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Shaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

Recoverable fees and expenses include reasonable expenses of expert witnesses; reasonable costs of any study, analysis, report, test, or project found by the court to be necessary for the prevailing party's case; and reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Attorney fees may not be awarded in excess of $125 per hour, unless the court determines a higher fee is justified by an increase in the cost of living, or a special factor exists. *Id.* Further, a party may recover the filing fee for the action. 28 U.S.C. § 2412(a)(2). The prevailing party has the burden of proof that fees awarded under the EAJA are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).

## III. Discussion and Analysis

Defendant does not dispute that Plaintiff is a prevailing party for the purposes of an EAJA fee award, or the number of hours for which Plaintiff seeks to recover attorney fees. Defendant argues in opposition to Plaintiff's fee request that the government's position in this case was substantially justified at both the hearing level with the administrative law judge and the argument presented in appeal. (Doc. 25 at 2-6).

///

A.  Defendant's position was not substantially justified.

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).  The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process.  28 U.S.C. § 2412(d)(2)(D).  First, Defendant must show "the action or failure to act by the agency" was substantially justified. *Id.*  Second, Defendant must show the position taken in the civil action was substantially justified. *Id.*  The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Here, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the ALJ's decision must have been substantially justified.  A finding that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Plaintiff's case was remanded for an issue regarding the ALJ's compliance with Social Security Ruling ("SSR") 00-4p.  (Doc. 20).  Defendant argues that the ALJ's actions were substantially justified because SSR 00-4p directs an ALJ to inquire whether a vocational expert's testimony is consistent with the *Dictionary of Occupational Titles*, and the ALJ fulfilled this duty.  (Doc. 25 at 3-4).  However, as noted by the Court in its order, "[a]t the very least, the ALJ needed to ask the VE for further explanation in light of the apparent differences" between the job descriptions provided in the *Dictionary of Occupational Titles* and the VE's testimony.  (Doc. 20 at 13).  In this manner, the ALJ's action was improper and was not substantially justified. Plaintiff's case was remanded also for the ALJ's failure to discuss the validity of Plaintiff's IQ scores with relation to the listings for presumed disability.  (Doc. 20).  Defendant acknowledges, "In order to satisfy the criteria of Listing 12.05C, which pertains to mental retardation, a claimant must have a valid IQ score of 60-70."  (Doc. 25 at 5).  However, Defendant maintains the ALJ

would have no reason discuss Listing 12.05C "because there is no evidence in the record that Plaintiff is mentally retarded, i.e., that she could meet the diagnostic criteria." (Doc. 25 at 6-7). The Court rejected this argument because medical evidence indicated that Plaintiff had IQ scores within the range given above (verbal IQ of 69, performance IQ of 68, and full scale IQ of 66),which was not addressed by the ALJ. (Doc. 20 at 15). Given the ALJ's failure to consider all the medical evidence, Defendant's position was not substantially justified on this issue, either.

### B.   Plaintiff's fee request must be modified.

The statutory rate for counsel's services is $125 per hour; though the court may enhance this maximum for an increase in cost of living. 28 U.S.C. § 2412 (d)(2)(A). The Ninth Circuit has established that this increase may be calculated "by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers." *Thangaraja v. Gonzales*, 428 F.3d 870, 867-77 (9th Cir. 2005). Following this procedure, the Ninth Circuit has the established maximum amounts for work performed in 2009 and 2019, the relevant years for which Plaintiff seeks recovery. Thus, adjusted maximum hourly rate is $172.24 per hour for work completed in 2009 and $174.64 per hour for work completed in 2010.[1]

Plaintiff requests attorney fees for 8.5 hours in 2009 and 18.2 hours in 2010. Notably, Defendant did not object to the number of hours Plaintiff's counsel expended on this case. However, the hourly rate sought by Plaintiff for work completed in 2009 fails to comport with the adjusted cost of living rates.[2] Therefore, Plaintiff shall be awarded fees in accord with the maximum rate given above, or $1,464.04 for 2009 and the requested $3,177.17 for 2010, totaling $4,641.21 in EAJA fees.

### C.   Award of fees under the EAJA must be to Plaintiff and not her counsel.

Plaintiff requests that the Court make the EAJA fees payable to her counsel. (Doc. 24 at 3). Defendant opposes this request and argues payment must be to Plaintiff and not her attorney. (Doc. 25 at 7).

---

[1] *See "Statutory Maximum Rates Under the Equal Access to Justice Act,"* available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited January 7, 2011).

[2] Plaintiff requests attorneys fees at the rate of $172.25 per hour for the work completed in 2009.

In *Astrue v. Ratliff*, the Supreme Court held that an award of fees under the EAJA is payable to the litigant and not his attorney and, therefore, is subject to offset for any pre-existing debt owed by the plaintiff to the United States. 130 S.Ct. at 2524. In *Ratliff*, the Government notified a social security claimant that it would apply EAJA fees that had been awarded to her to offset a portion of her outstanding federal debt. *Id.* at 2525. Ratliff, the claimant's attorney, intervened to challenge the offset on the grounds that EAJA fees belong to a litigant's attorney and, thus, could not be used to offset a litigant's federal debts. *Id.* The Court disagreed, and held that 28 U.S.C. § 2412(d)(1)(A) awards fees "to a prevailing party." *See Ratliff*, 130 S.Ct. at 2525-27. Thus, the Court determined that an award directly to a claimant's attorney was not supported by the language of § 2412(d)(1)(A) and would frustrate the government's ability to offset federal debts owed by the claimant. For these reasons, the Court declines to direct that EAJA fees be made payable to Plaintiff's counsel.

### IV.  Conclusion and Order

Defendant's positions were not substantially justified in law or in fact. Therefore, the Court finds Plaintiff should be awarded attorneys fees and costs under the EAJA. *See Scarborough*, 54 U.S. at 403; *Gutierrez*, 274 F.3d at 1258. However, for the foregoing reasons, the amount requested is modified, and must be paid to Plaintiff rather than her counsel.

Accordingly, Plaintiff's amended motion for attorney fees (Doc. 24) under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Plaintiff's request for attorney's fees is **GRANTED** as modified in the amount of $4,641.21; and
2. Plaintiff's request that the award of fees be made payable to counsel is **DENIED**.

IT IS SO ORDERED.

Dated:  **January 11, 2011**                                    /s/ Jennifer L. Thurston
                                                                          UNITED STATES MAGISTRATE JUDGE